# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEYSTONE CONSTRUCTION AND EARTHWORKS, LLC, | No. 4:24-CV-01614 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NATIONAL CONTRACTORS, LLC, *et al.*, | |
| Defendant. | |

## MEMORANDUM OPINION

**MARCH 24, 2025**

## I.  BACKGROUND

On September 24, 2024, Plaintiff Keystone Construction and Earthworks, LLC ("Keystone"), filed a three-count complaint against Defendants National Contractors, LLC ("National") and Aldi, Inc. ("Aldi").[1] Counts 1 and 2—breach of contract and damages under the Pennsylvania Contractor and Subcontractor Payment Act—are against National, and Count 3—unjust enrichment—is against National and Aldi. Keystone filed an amended complaint on October 23, 2024, adding Merchants Bonding Company ("Mutual") as a defendant and bringing one count against it for recovery on a surety bond.[2]

---

1   Doc. 1 (Compl.).
2   Doc. 6 (Am. Compl.).

On November 14, 2024, Aldi filed a motion to dismiss the unjust enrichment claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is now ripe for disposition; for the reasons that follow, it is granted. Keystone is granted leave to amend.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[3] and *Ashcroft v. Iqbal*,[4] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[6]

---

[3]  550 U.S. 544 (2007).
[4]  556 U.S. 662 (2009).
[5]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[6]  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

### B.     Facts Alleged in the Amended Complaint

The facts alleged in the amended complaint, which this Court must accept as true for the purposes of this motion, are as follows.

Aldi contracted with National to build a grocery store in Williamsport, Pennsylvania.[7] National, a general contractor, subcontracted with Keystone to perform work on the project.[8] Under the subcontract, National agreed to pay Keystone $1,634,750 for its work.[9] Following a number of fully executed change orders, the value of the subcontract increased to $1,870,549.22.[10] There was no direct contractual agreement between Aldi and Keystone. Keystone completed all substantial work under the subcontract on December 11, 2023.[11]

Once the work was complete, Aldi made complete payment to National and opened the store.[12] But National has not paid Keystone in full.[13] Keystone claims that National has withheld payments due under its November and December 2023 pay applications totaling $442,386.76.[14] Keystone argues that Aldi has been unjustly enriched because it is operating the store that Keystone helped build while Keystone has not been fully compensated.[15]

---

[7]  Doc. 6 ¶¶ 10, 12.
[8]  Id. ¶¶ 10, 13.
[9]  Id. ¶ 10.
[10] Id. ¶ 11.
[11] Id. ¶ 15.
[12] Id. ¶¶ 20-22, 35, 44,
[13] Id. ¶¶ 14, 17, 19-22.
[14] Id. ¶¶ 19, 36.
[15] Id. ¶¶ 50, 52-53, 56.

### C. Analysis

"The doctrine of unjust enrichment contemplates that 'a person who has been unjustly enriched at the expense of another must make restitution to the other.'"[16] To state a claim for unjust enrichment, a plaintiff must show: "(1) benefits were conferred on the defendant by the plaintiff; (2) appreciation of such benefits by the defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for the defendant to retain the benefit without payment of value."[17] The key question is "whether the defendant has been unjustly enriched."[18]

In the standard owner/general contractor/subcontractor relationship, an owner who has fully paid the general contractor is not unjustly enriched when the general contractor stiffs a subcontractor.[19] In such a case, the owner's receipt of the benefit is not "unjust"—it is just getting what it paid for.[20] Requiring the owner to "'pick up [the general contractor's] tab and pay twice for the same goods' would itself be an

---

[16] *Am. & Foreign Ins. Co. v. Jerry's Sport Center, Inc.*, 2 A.3d 526, 615 (Pa. 2010) (quoting *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006)) (alterations omitted).

[17] *Liberty Mut. Grp., Inc. v. 700 Pharm., LLC*, 270 A.3d 537, 554 (Pa. Super. Ct. 2022) (quoting *Wilson v. Parker*, 227 A.3d 343, 353 (Pa. Super. Ct. 2020)) (alterations omitted).

[18] *Id.*

[19] Restatement (Third) of Restitution and Unjust Enrichment § 25(2)(b) & cmt. b (Am. L. Inst., October 2024 Update) ("There is . . . no unjust enrichment if B [(property owner)] has paid the contract price to C [(general contractor)]."); *see id.* cmt. b, illus. 1.

[20] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273-74 (3d Cir. 2010) (citing *Meyers Plumbing & Heating Supply Co. v. West End Fed. Sav. & Loan Ass'n*, 498 A.2d 966 (Pa. Super. Ct. 1985)); *see Myers-Macomber Eng'rs v. M.L.W. Constr. Corp.*, 414 A.2d 357, 360-61 (Pa. Super. Ct. 1979) (enrichment not unjust when owner had paid project budget in full); *Gee v. Eberle*, 420 A.2d 1050, 1058-60 & n.8 (Pa. Super. Ct. 1980) (subcontractors could only partially recover based on the amount of project price that owner failed to pay).

inequitable result."[21] So long as the owner has not directly induced or misled the subcontractor to work, it is not liable for the actions of the general contractor.[22] This standard fact pattern matches the case at bar, and Aldi—which the complaint alleges has paid all it owed—therefore cannot be liable on a theory of unjust enrichment.[23]

On Keystone's allegations, Aldi has done nothing wrong—National is the one who refuses to pay. But Aldi's pockets are undoubtedly deeper than National's. To Keystone's chagrin, that is not a basis for liability.

---

[21] *EBC*, 618 F.3d at 273-74 (quoting district court opinion, with which the panel "entirely agree[d]").

[22] *D.A. Hill Co. v. Clevetrust Realty Invs.*, 573 A.2d 1005, 1009 (Pa. 1990) ("[I]n a case where a subcontractor has provided services and chattels to an owner who had no direct contractual relationship to the subcontractor, . . . the owner's retention of the benefit without paying any compensation to the subcontractor would not be unjust if the owner did not contract directly with or mislead the subcontractor."); *see Meehan v. Cheltenham Twp.*, 189 A.2d 593, 596 (Pa. 1963) (explaining that enrichment is not unjust when the benefiting party did not mislead the party seeking recovery (citing Restatement (First) of Restitution § 110 (Am. L. Inst. 1936))).

Keystone argues that this alternative for recovery is met because its work had to comply with Aldi's plan for the store. Merely doing work that a third party desires is not adequate for this type of liability. Keystone would have to show that Aldi "induced" *it specifically* to enter the subcontract, such that Aldi's enrichment at Keystone's expense is unjust vis-à-vis *Aldi*.

[23] The cases Keystone cites in its opposition are distinguishable.

As Aldi correctly states, the dispute in *Northeast Fence & Iron Works, Inc. v. Murphy Quiqley Co.*, 933 A.2d 664 (Pa. Super. Ct. 2007), was between the general contractor and the subcontractor; there was no third party issue at all, *id.* at 670 ("Unlike the landowner or lender in [*D.A. Hill* and *Meehan*], Appellant was the general contractor."). The rule Keystone draws from *Northeast* is not tailored to the third-party beneficiary context of this case.

As Aldi again points out, *Bigler Boyz Enviro, Inc. v. Clean Fuels of Ind., Inc.*, No. 19-cv-0170, 2020 WL 1929424 (W.D. Pa. April 21, 2020), involved very different pleadings, most critically: the owner (Walmart) induced the parties to subcontract by promising that it would directly pay the subcontractor for its work and then refused to do so.

## III. CONCLUSION

Aldi's motion to dismiss pursuant to Rule 12(b)(6) is granted. Keystone is granted leave to amend. "The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought."[24] But the law in the Third Circuit is clear that leave to amend should be "freely given" regardless of whether leave is specifically requested.[25] Keystone could theoretically state a claim by pleading facts to show that Aldi induced or misled it to subcontract, or by changing its ubiquitous contention that Aldi has fully paid National.[26] Thus, amendment might not be futile.

As such, Keystone will be given fourteen days from today's date to file an amended complaint. If no amended complaint is filed, the count against Aldi will be subject to dismissal with prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24] *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).
[25] *Id.* (quoting Fed. R. Civ. P. 15(a)).
[26] Doc. 6 ¶¶ 14, 17, 19-22; *see West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171-72 (3d Cir. 2013) (amended complaint may "flatly contradict[] the initial allegation").