# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEYSTONE CONSTRUCTION AND EARTHWORKS, LLC, | No. 4:24-CV-01614 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NATIONAL CONTRACTORS, LLC, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### OCTOBER 9, 2025

In September 2024, Plaintiff Keystone Construction and Earthworks, LLC ("Keystone"), filed a three-count complaint against Defendants National Contractors, LLC ("National") and Aldi, Inc. ("Aldi").[1] Keystone later amended the complaint to add Merchants Bonding Company ("Mutual") as a defendant and brought one count against it for recovery on a surety bond.[2] In March 2025, Aldi's Motion to Dismiss for Failure to State a Claim was granted by this Court.[3] Responding to that decision, Keystone filed a timely Second Amended Complaint against all three Defendants.[4] As of May 2025, all three Defendants have filed answers in this case.[5]

---

[1] Doc. 1 (Compl.).
[2] Doc. 6 (Am. Compl.).
[3] Doc. 31.
[4] Doc. 32.
[5] *See* Docs. 36 (National's Answer), 37 (Mutual's Answer), & 39 (Aldi's Answer).

Mutual now moves for judgment on the pleadings with respect to Keystone's requested recovery on a surety bond. The Court will grant Mutual's Rule 12(c) motion without prejudice. However, Keystone will be provided leave to amend the complaint to correct the problem within the mechanics' lien.

## I. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) 'is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'"[6] Therefore, the Court must "'view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party,' and may not grant the motion 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'"[7] Additionally, as with a motion to dismiss under Rule 12(b)(6), the Court may only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."[8]

## II. DISCUSSION

Mutual argues that judgment on the pleadings must be granted in their favor as to Keystone's surety bond claim— Count IV. That claim alleges that Mutual is a

---

[6] *Wolfington v. Reconstructive Orthopaedic Assocs.*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)).
[7] *Id.* (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.6 (3d Cir. 2016)).
[8] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

surety to discharge for National's mechanics' lien for the property at issue. According to Keystone, that surety bond obligates Mutual to pay any judgment—up to the specified amount of $442,386.76—rendered against the property. Mutual argues that because the mechanics' lien, which serves as the basis for the bond, lists the property owner as "Aldi, Inc." and not the correct owner of "Aldi, Inc. (Pennsylvania)." They claim that this makes it impossible for Keystone to recover on its claim against the surety bond. Essentially, Mutual's argument boils down to a belief that Keystone's mechanics' lien is invalid—making recovery from it futile.[9] Therefore, I will address the validity of the lien to in turn determine whether Keystone's surety claim can withstand the Rule 12(c) standard.

### A.     Mechanics' Lien Law ("MLL") Requirements

Pennsylvania's MLL sets out precisely what a claim for a mechanics' lien must include.[10] Because the MLL provides a hefty remedy,[11] "a contractor seeking the benefit of the lien must 'judiciously adhere to the requirements of the Mechanics' Lien Law' in order to secure a valid and enforceable lien."[12] The Supreme Court of Pennsylvania has explained that the statutory requirements in the MLL are of a

---

[9] Because Mutual and National's surety bond only requires payment for a judgment against the property, if this were true then Keystone's surety claim in this suit would fail. *See Samango v. Hobbs*, 75 A.2d 17, 18 (Pa. Super. Ct. 1950).
[10] *See* 49 PA. STAT. ANN. § 1503 (West 1963).
[11] *Terra Firma Builders, LLC v. King*, 249 A.3d 976, 983 (Pa. 2021) ("a mechanics' lien is an extraordinary remedy that provides the contractor with a priority lien on property, an expeditious and advantageous remedy.").
[12] *Id.* at 983 (quoting *Phila. Constr. Servs., LLC v. Domb*, 903 A.2d 1262, 1267 (Pa. Super. Ct. 2006)).

"mandatory nature" and should be strictly construed.[13] The second of the eight requirements listed in Section 1503 of the MLL—and the one at issue in the present matter—is for the claim to state "the name and address of the owner or reputed owner."[14] Because of the nature of the MLL, the Pennsylvania Supreme Court has implied that all eight of the requirements must be present in a valid mechanics' lien.[15]

In this matter, it is undisputed that Keystone did not strictly comply with the requirement to state the name of the owner.[16] While Keystone argues that the doctrine of substantial compliance should allow them to satisfy the elements of Section 1503, just this year the Superior Court of Pennsylvania has held that substantial compliance is inapplicable to Section 1503's requirements.[17] Without the aid of the substantial compliance doctrine, Keystone's failure to name the correct

---

[13] *Terra Firma Builders, LLC*, 665 A.3d at 983-84; *Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.*, 90 A.3d 682 (Pa. 2014) (overruling a Pennsylvania Superior Court decision that construed the term "subcontractor" in the contract liberally).

[14] 49 PA. STAT. ANN. § 1503(2) (West 1963).

[15] *Terra Tech. Servs., LLC v. River Station Land, L.P.*, 124 A.3d 289, 303 (Pa. 2015) (referring to the requirements of § 1503 as "essential information" that needs to "be contained in the mechanics' lien claim").

[16] While the difference between the name listed and the correct name of the owner amounts to the addition of a single word and two parentheses, strict adherence means strict adherence. Pennsylvania courts have held that it is a "fatal defect" for a mechanics' lien to list the incorrect name of the owner. *Steinman v. Miller*, 2 Penny. 190, 191 (Pa. 1882); *see also Delmont Mech. Servs., Inc. v. Kenver Corp.*, 677 A.2d 1241 (Pa. Super. Ct. 1996).

[17] *Compare PW Campbell Contracting Co. v. Yetter*, 339 A.3d 400 (Pa. Super. Ct. 2025) (finding that the substantial compliance doctrine would not save a mechanics' lien that did not comply with a requirement in Section 1503), *with Tesauro v. Baird*, 335 A.2d 792 (Pa. Super. Ct. 1975) (applying the doctrine of substantial compliance to a separate section of the MLL governing notice requirements).

owner or reputed owner in its lien renders the lien invalid.[18] Since Keystone alleges that Mutual's surety bond is based solely upon the mechanics' lien,[19] recovery under the bond would be impossible and Mutual's Rule 12(c) motion must be granted.

### B.  Futility of Amendment

Mutual contends that Keystone's complaint should be dismissed with prejudice because any amendment would be futile. A district court must provide a plaintiff the opportunity to amend her complaint unless doing so would be "inequitable or futile." [20] "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." [21]

The Court does not agree that amendment would be futile. Keystone's surety bond claim fails solely because the underlying mechanics' lien does not comply with the stringent requirements of Pennsylvania's MLL. If Keystone were to remedy the defects in its lien,[22] the surety bond claim may not fail as a matter of law.[23]

---

[18] The instant matter is analogous to *Delmont Mech. Servs., Inc. v. Kenver Corp.*, a case cited in briefing by both parties. 677 A.2d 1241 (Pa. Super. Ct. 1996). There, the named party in the lien "never had an ownership interest in the [p]roperty" and was found not to be a reputed owner. *Id.* at 1245. Similarly, here, the named owner, Aldi, Inc. is never alleged to have had any ownership of the property. Rather it was the true owner, Aldi, Inc. (Pennsylvania) that did. As such, Aldi, Inc. is not the reputed owner of the property for the purposes of the MLL.

[19] Doc 32 ¶ 63.

[20] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002).

[21] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[22] Remedying the name issue is possible given the MLL's provided amendment process. *See* 49 PA. STAT. ANN. § 1504 (West 1963).

[23] Mutual's argument that it would be impossible to recover under the bond if there were no defects in the mechanics' lien seems to be a fallacy. As they explained in their own briefing, there is a scenario where an amendment of Keystone's mechanic lien would cause National and Aldi to amend the surety bond. *See* Doc. 42, at 7-8.

Accordingly, Keystone may amend its complaint to include an amended mechanics' lien if it is able to do so. Because it is unlikely that the normal fourteen days allowed for amendment of pleadings will be a sufficient amount of time for Keystone to fix the error in its mechanics' lien, the Court will allow thirty (30) days for them to fix such error and amend their complaint in this case.[24] If Keystone is not willing or able to amend the mechanics' lien, then it should decline to renew that claim.

### III.   CONCLUSION

For the above stated reasons, Defendant Mutual's motion for judgment on the pleadings is granted without prejudice. Keystone is granted leave to amend. As such, Keystone will be given thirty days from today's date to file an amended complaint. If no amended complaint is filed, the claims against Mutual will be subject to dismissal with prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24] If 30 days proves to be an insufficient amount of time to address the issues within the mechanics' lien, Keystone may file a motion to extend that deadline—given that they can show good cause.